**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| PROSTRAKAN, INC. and STRAKAN INTERNATIONAL S.á r.l., <br><br> Plaintiffs, <br><br> v. <br><br> ACTAVIS LABORATORIES UT, INC. and ALLERGAN PLC, <br><br> Defendants. | Case No: 2:16-CV-00044-RWS-RSP |

## DISCOVERY ORDER

After a review of the pleaded claims and defenses in this action, in furtherance of the management of the Court's docket under Federal Rule of Civil Procedure 16, and after receiving the input of the parties to this action, it is ORDERED AS FOLLOWS:

1. **Initial Disclosures.** In lieu of the disclosures required by Federal Rule of Civil Procedure 26(a)(1), each party shall disclose to every other party the following information:

    (a)  the correct names of the parties to the lawsuit;

    (b)  the name, address, and telephone number of any potential parties;

    (c)  the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

    (d)  the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the

    case, and a brief, fair summary of the substance of the information known by any such person;

 (e) any indemnity and insuring agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;

 (f) any settlement agreements relevant to the subject matter of this action; and

 (g) any statement of any party to the litigation.

2. **Disclosure of Expert Testimony.**  A party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703 or 705, and:

 (a) if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony, provide the disclosures required by Federal Rule of Civil Procedure 26(a)(2)(B) and Local Rule CV-26; and

 (b) for all other such witnesses, provide the disclosure required by Federal Rule of Civil Procedure 26(a)(2)(C).

3. **Additional Disclosures.**  Without awaiting a discovery request,[1] each party will make the following disclosures to every other party:

 (a) provide the disclosures required by the Patent Rules for the Eastern District of Texas;

---

[1] The Court anticipates that this disclosure requirement will obviate the need for requests for production.

(b) produce or permit the inspection of all documents, electronically stored information, and tangible things in the possession, custody, or control of the party that are relevant to the pleaded claims or defenses involved in this action, except to the extent these disclosures are affected by the time limits set forth in the Patent Rules for the Eastern District of Texas; and

(c) provide a complete computation of any category of damages claimed by any party to the action, and produce or permit the inspection of documents or other evidentiary material on which such computation is based, including materials bearing on the nature and extent of injuries suffered, except that the disclosure of the computation of damages may be deferred until the time for Expert Disclosures if a party will rely on a damages expert.

4. **Protective Orders.** The Court will enter the parties' Agreed Protective Order.

5. **Discovery Limitations.** The discovery in this case is limited to the disclosures described in Paragraphs 1-3 together with:

(a) Interrogatories and Requests for Admission. The parties may serve up to 25 interrogatories per side and 25 requests for admission per side. "Side" means a party or a group of parties with a common interest. This limit does not apply to requests for admission pertaining to authentication of documents. Each party may serve an unlimited amount of requests for admission pertaining to authentication of documents, and such requests for admission pertaining to authentication of documents may be served up to 60 days before the start of trial. The parties agree to engage in mutual,

    good faith negotiation regarding a stipulation as to the authenticity and foundation of documents they have produced.

  (b)  The parties will proceed with depositions pursuant to the Federal Rules of Civil Procedure, except that the limit under Rule 30(a)(2)(A)(i) will not apply to expert witness depositions.

  (c)  Experts. The parties will not seek and are not entitled to discovery of communications between counsel and expert witnesses or discovery of drafts of expert reports or notes of experts.

  (d)  Any party may later move to modify these limitations for good cause.

6. **Privileged Information.** There is no duty to disclose privileged documents or information. However, the parties are directed to meet and confer concerning privileged documents or information after the Status Conference. By the deadline set in the Docket Control Order, the parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection. Any party may move the Court for an order compelling the production of any documents or information identified on any other party's privilege log. If such a motion is made, the party asserting privilege shall respond to the motion within the time period provided by Local Rule CV-7. The party asserting privilege shall then file with the Court within 30 days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for *in camera* inspection.

7. **Signature.** The disclosures required by this Order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made. If feasible, counsel shall meet to exchange disclosures required by this Order; otherwise, such disclosures shall be served as provided by Federal Rule of Civil Procedure 5. The parties shall promptly file a notice with the Court that the disclosures required under this Order have taken place.

8. **Duty to Supplement.** After disclosure is made pursuant to this Order, each party is under a duty to supplement or correct its disclosures **immediately** if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

9. **Discovery Disputes.**

    (a) Except in cases involving claims of privilege, any party entitled to receive disclosures ("Requesting Party") may, after the deadline for making disclosures, serve upon a party required to make disclosures ("Responding Party") a written statement, in letter form or otherwise, of any reason why the Requesting Party believes that the Responding Party's disclosures are insufficient. The written statement shall list, by category, the items the Requesting Party contends should be produced. The parties shall promptly meet and confer. If the parties are unable to resolve their dispute, then the Responding Party shall, within 14 days after service of the written statement upon it, serve upon the Requesting Party a written statement, in letter form or otherwise, which identifies (1) the requested items that will be disclosed, if any, and (2) the reasons why any requested items

will not be disclosed. The Requesting Party may thereafter file a motion to compel.

(b) In addition to the requirements of Local Rule CV-7(h) and (i), an opposed discovery-related motion must include a certification that an **in-person** conference involving lead and local counsel for all parties to the discovery dispute was held.

(c) Counsel are directed to contact the chambers of the undersigned for any "hot-line" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(e). If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(e).

10. **No Excuses.** A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures. Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue.

11. **Filings**. Only upon request from chambers shall counsel submit to the court courtesy copies of any filings.

12. **Proposed Stipulations by the Parties Regarding Discovery:**

(a) The parties stipulate to the following schedule governing the production of electronically stored information (including email):

November 15, 2016 – The parties will exchange correspondence providing the following disclosures:

- The search terms each party proposes to use to search its own electronic documents and email,[2] which terms shall include any internal code names or designations used to refer to the drug products and/or development projects at issue.

- A list of up to ten (10) custodians each party intends to designate for purposes of searching its electronically stored documents and email along with each custodian's job title or other information sufficient to identify their relevance as a custodian.

- The identification of categories of documents (both electronic and otherwise) believed to be possessed by the other party that each party believes are particularly relevant to the pleaded claims or defenses involved in this action, to be searched for in accordance with Paragraph 3(b).[3]

November 22, 2016 - The parties will exchange correspondence identifying proposed modifications, if any, to the search terms and custodians identified by the opposing party.

December 2, 2016 - By this date, the searching party shall notify the opposing party of any objections to the proposed modifications, in addition to the bases for those objections. The parties shall meet-and-confer thereafter and work in good faith to promptly resolve their differences. In the absence of any objection

---

[2] The parties will specify differences, if any, between the search terms used to search email and other sources of electronically stored information.

[3] The identification of relevant categories of documents is for the sole purpose of aiding the parties in their search for documents. The parties do not waive the right to identify other relevant categories of documents, nor does the identification of categories limit the parties' searches to only the categories of documents identified.

received by this date, the searching party shall incorporate the proposed modifications to the search terms and custodians.

The parties agree that if, in the course of conducting the electronic searching, an unreasonable number of "false positives" or "false hits" are returned, the parties will work together in good faith to modify the search terms accordingly.

(b) Counsel shall accept service of deposition notices for their clients and current employees of their clients. Counsel shall accept service of subpoenas for deposition for those former employees of their clients whom they know they will be representing at a deposition, unless otherwise instructed by the former employees. Acceptance of deposition notices or subpoenas by counsel does not waive any defense other than objections to service. In the event a party requests that certain depositions be held outside of the United States, the parties will confer and attempt to reach an agreement on the location of depositions as the need arises.

(c) The parties agree to produce documents in the following formats. Hard copy: single page TIFF files, at least 300 dpi, to have beginning and end boundaries. ESI: to the extent practicable, single page TIFF, at least 300 dpi, to have beginning and end boundaries. If practicable, unredacted databases and spreadsheets are to be produced in native format without metadata and redacted databases and spreadsheets are to be produced in TIFF format. Metadata, to the extent available, will include:

    begno
    endno
    attach begin
    attach end
    number of attach

          page count
          to
          from
          cc
          bcc
          custodian
          subject
          sent date
          received date
          author
          title
          file name
          native file
          document extension
          source app
          file type
          date created
          date last mod
          date last print
          file size
          virtual path
          md5_hash
          conversation family
          conversation index
          header
          text

(d)      For purposes of Initial Disclosures, the parties shall produce documents by October 27, 2016.  Thereafter, the parties will engage in a rolling production of documents pursuant to the Docket Control Order.

**SIGNED this 24th day of October, 2016.**

                                                                  ROY S. PAYNE
                                                                  UNITED STATES MAGISTRATE JUDGE